**LOKER LAW, APC**
Matthew M. Loker, Esq. (279939)
matt@loker.law
1303 East Grand Avenue, Suite 101
Arroyo Grande, CA 93420
Telephone: (805) 994-0177
Facsimile: (805) 994-0197

**MATTHEW R. OSBORNE, PC**
Matthew R. Osborne, Esq.
(*admitted pro hac vice*)
matt@mrosbornelawpc.com
11178 Huron Street, Suite 7
Northglenn, CO 80234
Telephone: (303) 759-7018
Facsimile: (720) 210-9870

*Attorney for Plaintiff,*
John E. Williams

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

**JOHN E. WILLIAMS,**

Plaintiff,

v.

**COLLECTION BUREAU OF AMERICA, LTD.**

Defendant(s).

**Case No.:** 20-cv-08095-VC

**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**

**DATE:**   February 24, 2021
**TIME:**   2:00 p.m.

**HON. VINCE CHHABRIA**

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the *Standing Order for All Judges of the Northern District of California* and Civil Local Rule 16-9.

## 1. JURISDICTION & SERVICE

The Parties agree that this Action is properly before this Court as a result of federal question jurisdiction stemming from Plaintiff JOHN E. WILLIAMS's ("Williams") Fair Credit Reporting Act ("FCRA") and Fair Debt Collection Practices Act ("FDCPA") claims. No issues regarding persona jurisdiction or venue, or service of additional Parties have been identified.

## 2. FACTS

**WILLIAMS:** Williams contends that Defendant COLLECTION BUREAU OF AMERICA, LTD. ("CBA") violated the FCRA and FDCPA by seeking to collect a debt from Williams that was actually incurred by a different consumer with the same name. The other John Williams; however, resides in Lakewood, WA and has a different social security number than Williams.

Williams then learned that the other consumer's debt was being reported to his credit report and submitted a dispute to the Credit Bureaus in February 2020. Said dispute provided a narrative of the situation, explained that Williams did not incur the debt, and provided his full social security number. CBA then verified its credit reporting to each of the Credit Bureaus in March 2020 which prompted the filing of this Action.

**CBA**: CBA denies Plaintiff's claim that it violated the FCRA and FDCPA. CBA maintained reasonable procedures to assure maximal accuracy in its investigation of credit disputes like Plaintiff's dispute. CBA reported Plaintiff's account with the credit reporting agencies as disputed despite TransUnion being the source of Plaintiff's social security number, and upon receipt of sufficient

information verified the account did not belong to Plaintiff and deleted the tradeline. CBA denies that it caused any damage to Plaintiff.

### 3. <u>LEGAL ISSUES</u>

**WILLIAMS:** As noted above, Williams asserts two claims pursuant to the (1) FCRA; and, (2) FDCPA.

*Fair Credit Reporting Act*: To assert a prima facie FCRA case for violation of 15 U.S.C. § 1681s-2(b), the plaintiff must "prove (1) Defendant is a 'furnisher'; (2) Plaintiff notified the [Credit Reporting Agency] that Plaintiff disputed the reporting as inaccurate; (3) the [Credit Reporting Agency] notified the furnisher of the alleged inaccurate information of the dispute; (4) the reporting was in fact inaccurate; and, (5) Defendant failed to conduct the investigation required by [15 U.S.C.] § 1681s-2(b)(1)." *Robbins v. CitiMortgage, Inc.*, No. 16-cv-4732 LHK, 2017 U.S. Dist. LEXIS 209367, at *13 (N.D. Cal. Dec. 20, 2017) citing to *Biggs v. Experian Info. Solutions, Inc.*, 209 F. Supp. 3d 1142, 1144 (N.D. Cal. 2016); *Hughes v. IQ Data Int'l, Inc.*, 2016 U.S. Dist. LEXIS 177693, at *2 (N.D. Cal. 2016); and, *Gorman*, 584 F.3d at 1153-55. *See also Ma v. Target Corp.*, No. SACV17-1625 AG (JDEx), 2018 U.S. Dist. LEXIS 128902, at *7 (C.D. Cal. July 30, 2018) (same).

Here, Williams believes that the only triable issue of fact with regard to the FCRA will relate to William's damages.

*Fair Debt Collection Practices Act*: "[T]o establish that Defendant violated the FDCPA, Plaintiff must show that under the RFDCPA: (1) Defendant was attempting to collect a 'debt'; (2) Defendant is a 'debt collector'; (3) Plaintiff is a 'consumer'; and, (4) Defendant violated at least one subsection of the FDCPA." *Vanover v. Carruthers*, 2018 U.S. Dist. LEXIS 11877, at *12 (C.D. Cal. Jan. 24, 2018) citing to *Miranda v. Law Office of D. Scott Carruthers*, 2011 U.S. Dist. LEXIS 55180, at *4 (E.D. Cal. May 23, 2011); and, *Turner v. Cook*, 362 F.3d 1219, 1227-28 (9th Cir. 2004).

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

Here, Williams does not believe there will be any triable issues of fact with regard to the FDCPA.

**CBA:** As an initial issue, CBA has learned for the first time through this Rule 26 Report that a prior lawsuit on the same nucleus of operative facts was filed by Plaintiff in *Williams v. Equifax Information Services, LLC, et al.*, District of Colorado Case No.: 1:20-cv-02832-LTB-MEH (the "Colorado Action"). Plaintiff failed to name CBA as a defendant in that action, prejudicing CBA's interests in the outcome of that matter. As a result, and substantively, with respect to Plaintiff's FCRA cause of action, CBA contends that the following issues will need to be addressed: whether CBA performed a reasonable investigation as required under the FCRA and whether any alleged violation was negligent or intentional. With respect to damages, questions of whether any actual damages, including emotional distress damages, were caused by CBA or by the other tortfeasors in the Colorado Action, the propriety of Plaintiff's request for punitive damages, and any appropriate set-offs should this matter proceed despite Plaintiff's failure to name CBA in the Colorado Action. With respect to the FDCPA, CBA contends that the legal issues will involve whether the bona fide error defense is applicable to Plaintiff's FDCPA cause of action and the amount, if any, of damages should there be a finding of a violation of the FDCPA, including the same damages issues raised herein with respect to the FCRA cause of action.

### 4. <u>MOTIONS</u>

There are no prior pending Motions.

**WILLIAMS:** Williams anticipates filing a Motion for Summary Judgment, or alternatively, partial Summary Judgment following the close of discovery.

**CBA**: Upon completion of its investigation, CBA may seek leave to file an Amended Answer in light of its recent discovery of the Colorado Action to address the Colorado Action and Defendants. CBA may also file a Motion to Dismiss based upon the Colorado Action.

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

### 5. **AMENDMENT OF PLEADINGS**

As it has recently learned of the Colorado Action, CBA may amend its Answer to the Complaint.  If it does amend its Answer, it will do so on or before April 24, 2021.

### 6. **EVIDENCE PRESERVATION**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred regarding ESI.

### 7. **DISCLOSURES**

The Parties have complied with their respective obligations pursuant to Federal Rule of Civil Procedure 26(a).

### 8. **DISCOVERY**

**WILLIAMS:** Williams propounded discovery on February 10, 2021 which was comprised of Requests for Admissions; Requests for Production of Documents; and, Interrogatories.  Said discovery focuses on the information conveyed by Crystal Springs, the original creditor, to CBA and/or how CBA obtained Williams's contact information as well as CBA's investigation following receipt of Williams's disputes.  Williams also anticipates taking depositions pursuant to Fed. R. Civ. P. 30(b)(1) and 30(b)(6) as well as 45 if any of the individuals who investigated Williams's claims are former employees of CBA.

**CBA:** CBA anticipates engaging in written discovery including Requests for Production of Documents and Interrogatories and conducting the depositions of Plaintiff and his spouse, whom Plaintiff has identified as a witness.  Said discovery will be focused on the nature of Plaintiffs' claims, disputes he submitted to the credit reporting agencies, and his alleged damages as well as the allegations and settlements reached with the Defendants in the Colorado Action.

### 9. **CLASS ACTIONS**

Not applicable.

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

**10. <u>RELATED CASES</u>**

*Williams v. Equifax Information Services, LLC, et al.*, District of Colorado Case No.: 1:20-cv-02832-LTB-MEH.

**11. <u>RELIEF</u>**

**WILLIAMS:** Williams seeks to recover statutory damages; actual damages; punitive damages; attorneys' fees; and, costs. If needed, Williams will retain an economist to quantify his pecuniary loss. Williams will also present his claim for emotional distress to the jury through his own testimony.

**CBA**: CBA is not seeking any relief at this time.

**12. <u>SETTLEMENT AND ADR</u>**

The Parties have begun exchanging information informally in order to facilitate settlement discussions and request Private ADR with a completion date of May 21, 2021.

**13. <u>CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES</u>**

All Parties do not consent to a magistrate judge.

**14. <u>OTHER REFERENCES</u>**

The Parties do not believe the case is suitable for arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. <u>NARROWING OF ISSUES</u>**

The Parties do not believe the outstanding issues can be narrowed at this time.

**16. <u>EXPEDITED TRIAL PROCEDURE</u>**

The Parties do not believe that this case should be handled under the Expedited Trial Procedure of General Order 64.

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

## 17. SCHEDULING

The Parties proposed the following dates:

| EVENT | DEADLINE |
|---|---|
| Completion of Initial ADR Session | May 21, 2021 |
| Designation of Experts | September 10, 2021 |
| Discovery Cutoff | October 8, 2021 |
| Hearing of Dispositive Motions | December 7, 2021 |
| Pretrial Conference | February 7, 2022 |
| Trial | February 21, 2022 |

## 18. TRIAL

The Parties each request a jury trial.

## 19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

**WILLIAMS:** Williams is unaware of any such interested entities or persons.

**CBA:** Markel Corp. (insurance carrier), Shawn DeLuna (officer and director), Ronald DeLuna (director), Matilde DeLuna (director), Michele DeLuna (director).

## 20. PROFESSIONAL CONDUCT

The Parties' respective attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## 21. OTHER

**WILLIAMS:** Williams is unaware of any further issues.

**CBA:** CBA is unaware of any further issues.

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

Date: February 16, 2021

**LOKER LAW, APC**

By:   /s/ Matthew M. Loker

MATTHEW M. LOKER, ESQ.
ATTORNEY FOR PLAINTIFF

**HAHN LOESER & PARKS LLP**

By:   /s/ Gabe P. Wright

GABE P. WRIGHT, ESQ.
ATTORNEY FOR DEFENDANT

## SIGNATURE CERTIFICATION

Pursuant to Section 2(f)(44) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to all defense counsel, and that I have obtained their authorization to affix electronic signatures to this document.

Date: February 16, 2021

**LOKER LAW, APC**

By:   /s/ Matthew M. Loker

MATTHEW M. LOKER, ESQ.
ATTORNEY FOR PLAINTIFF

## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:  _____

                                HONORABLE VINCE CHHABRIA
                          UNITED STATES DISTRICT COURT JUDGE

## CERTIFICATE OF SERVICE

A copy of the foregoing *Joint Discovery Plan Pursuant to F.R.C.P. 26(f)* has been filed on February 16, 2021, through the Court's electronic filing system. All parties may access the foregoing via the Court's electronic filing system.

                                  ___/s/ Matthew M. Loker___
                                   MATTHEW M LOKER, ESQ.

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420